# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NAVARRO and GRACIELA RUIZ DE NAVARRO,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENLIGHT FINANCIAL SERVICES, ERICA LIZARRAGA, SAXON MORTGAGE SERVICES INC., CHICAGO TITLE COMPANY, and DOES 1-10,<br><br>Defendants. | CASE NO. 10cv1631-MMA(JMA)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTIONS TO DISMISS**<br><br>[Doc. Nos. 13 & 14] |

On April 1, 2010, Plaintiffs Daniel Navarro and Graciela Ruiz De Navarro commenced an action in Imperial County Superior Court against Defendants Greenlight Financial Services, Erica Lizarraga, Saxon Mortgage Services, Inc., and Chicago Title Company. On August 5, 2010, Greenlight removed the action to this Court. Defendants filed motions to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. Nos. 5 & 7]. On August 27, 2010, in lieu of any opposition papers, Plaintiffs filed a first amended complaint [Doc. No. 9]. Accordingly, the Court denied the motions to dismiss as moot [Doc. No. 12].

Defendants subsequently filed motions to dismiss Plaintiffs' first amended complaint, currently pending before the Court and set for hearing on October 25, 2010 [Doc. Nos. 13 & 14]. Plaintiffs did not file an opposition to either motion, which would have been due on October 12,

2010. On October 18, 2010, Saxon filed a reply requesting that the Court grant its motion as unopposed [Doc. No. 15].

The Court notes that since the time of filing the first amended complaint, Plaintiffs' counsel of record, Kent C. Wilson, notified the Court via written correspondence dated September 14, 2010 that he is in the process of resigning his membership in the State Bar of California.[1] Although his notice to the Court implies that Mr. Wilson does not intend to continue representing Plaintiffs in this matter, the Court notes that he has failed to follow the proper procedure pursuant to this Court's local rules for cessation of representation. In order to substitute new counsel, Civil Local Rule 83.3(g)(2) provides that:

> When an attorney of record for any person ceases to act for a party, such party must appear in person or appoint another attorney by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney, or by a written designation filed in the case and served upon the attorney ceasing to act, unless attorney is deceased, in which event the designation of a new attorney will so state. Until such substitution is approved by the court, the authority of the attorney of record will continue for all proper purposes.

In order to withdraw completely as counsel of record, Civil Local Rule 83.3(g)(3) requires that the attorney seeking to withdraw file a fully noticed motion for leave of court to do so. Mr. Wilson has not complied with either procedure and therefore he remains counsel of record.

Due certainly in large, if not whole, part to their counsel's deficient performance, Plaintiffs have failed to oppose Defendants' motions to dismiss their first amended complaint. The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendants' motions on the basis of Plaintiffs' failure to respond, and it chooses to do so.

---

[1] The Court notes that in California, resignation may not be achieved unilaterally by a member, and the Court has not yet received notice from the State Bar regarding Mr. Wilson's status and whether he has been permitted to resign. *See* California State Bar Rule 2.37(D) ("A member's voluntary resignation is effective only when it is accepted by the California Supreme Court.")

1  Generally, public policy favors disposition of cases on their merits.  *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12(b)(6) motion.  Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction.  *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).  In addition, management of this Court's docket is of vital significance to the proper and timely resolution of matters before it.  Consequently, the Court finds dismissal of this action pursuant to Local Civil Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in light of the fact that multiple cases similar to the one at bar are currently pending, poised in a similar procedural posture.

Defendants seek dismissal of the first amended complaint without leave to amend.  However, in light of Plaintiffs' counsel's deficient representation, final dismissal at this time is premature.  Accordingly, the Court **GRANTS** Defendants' motions to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' first amended complaint.

**Within thirty (30) days from the date of this order, if Plaintiffs wish to continue litigating this case they must either: a) file a notice of substitution of counsel naming a new attorney who will represent them, or b) file a notice of their intent to represent themselves and to proceed *pro se*.  If Plaintiffs substitute new counsel or notify the Court of their intent to proceed *pro se*, the Court will set a deadline for Plaintiffs to file a second amended complaint, or in the alternative, a notice of voluntary dismissal of this case in its entirety.  If Plaintiffs fail to do either of these things within the time permitted, this action will be dismissed with prejudice.**

The Clerk of Court is instructed to send a copy of this order to Plaintiffs' counsel at the address provided on the docket of the case, and also to Plaintiffs personally at the following address noted in their first amended complaint: 1032 F. Herrera Street, Calexico, CA, 92231.

**IT IS SO ORDERED**.

DATED:  October 19, 2010

_____
Hon. Michael M. Anello
United States District Judge