# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NAVARRO and GRACIELA RUIZ DE NAVARRO,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENLIGHT FINANCIAL SERVICES, ERICA LIZARRAGA, SAXON MORTGAGE SERVICES INC., CHICAGO TITLE COMPANY, and DOES 1-10,<br><br>Defendants. | CASE NO. 10cv1631-MMA(JMA)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 17] |

This matter is before the Court on Defendant Saxon Mortgage Services Inc.'s motion to dismiss for Plaintiffs' failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The motion is unopposed. For the following reasons, the Court **GRANTS** the motion.

## DISCUSSION

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003). A dismissal under Rule 41(b) – other than for lack of jurisdiction, improper venue, or failure to join a party – operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

1    In determining whether Plaintiffs' failure to prosecute warrants dismissal of the case, the
2 Court must weigh the following five factors: "'(1) the public's interest in expeditious resolution of
3 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
4 the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
5 sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*,
6 779 F.2d 1421, 1423 (9th Cir. 1986)); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.
7 1992) (stating that the first two dismissal factors favor dismissal and noting that "it is incumbent
8 upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being
9 subject to endless vexatious noncompliance of litigants. . .").

10    Here, the first, second, and third factors favor dismissal of this case.  Although the fourth
11 factor weighs against dismissal, dismissal is appropriate in light of the other factors. *See Pagtalunan*
12 *v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in
13 dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).
14 Based on the procedural history of this case, and the factors weighing in favor of dismissal, the
15 Court concludes that dismissal of this action for failure to prosecute is warranted. *See Link*, 370
16 U.S. at 630-31 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally
17 been considered an 'inherent power,' governed not by rule or statute but by the control necessarily
18 vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition
19 of cases.").

20    The fifth factor requires the Court to consider whether a less drastic alternative is available.
21 The Court has ordered Plaintiffs previously to obtain counsel or commit to representing themselves.
22 Defendant's motion to dismiss has provided Plaintiffs with notice and an opportunity to demonstrate
23 to the Court why this matter should not be dismissed.  Plaintiffs have not opposed Defendant's
24 motion, or otherwise communicated with the Court, despite being advised in the Court's October 19,
25 2010 order that this matter might be dismissed with prejudice if Plaintiffs failed to respond.  The
26 Court previously pursued remedies that are less drastic by dismissing this action without prejudice
27 and affording Plaintiffs the opportunity to obtain new counsel or proceed *pro se*. *See Malone v. U.S.*
28 *Postal Serv*., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary

1  if the district court actually tries alternatives before employing the ultimate sanction of dismissal.").
2  At this juncture, the Court finds no suitable alternative to dismissal.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion and **DISMISSES** this action with prejudice.

The Clerk of Court is instructed to send a copy of this order to Plaintiffs' counsel at the address provided on the docket of the case, and also to Plaintiffs personally at their last known address, as noted in their first amended complaint: 1032 F. Herrera Street, Calexico, CA, 92231.

**IT IS SO ORDERED**.

DATED: January 24, 2011

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge